**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| **BIG WILL ENTERPRISES INC.**  Plaintiff,  vs.  **UNALIWEAR, INC.**  Defendant. | Civil Action File No.: 6:20-cv-351  JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Big Will Enterprises Inc. ("BWE" or "Plaintiff"), by and through its undersigned attorney, for this original Complaint against Unaliwear, Inc. ("Defendant"), allege, based on its own knowledge with respect to itself and its own actions and based on information and belief as to all other matters, as follows:

**INTRODUCTION**

1.

This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code to enjoin infringement and obtain damages from Defendant's unauthorized manufacture, use, sale, offer to sell, and/or importation into the United States for the subsequent use or sale of products or methods that infringe one or more claims of United States Patent Nos. 9,049,558, 8,737,951, 8,559,914 and 8,452,273.

1

## JURISDICTION AND VENUE

2.

Big Will Enterprises Inc ("BWE") is a British Columbia Corporation having its principal place of business at 4573 West 1st Avenue, Vancouver, British Columbia V6R 1H7, Canada.

3.

Upon information and belief, Defendant is a Corporation organized under the laws of the State of Delaware, with ongoing business located at 3410 Cherry Lane, Austin, TX 78703.

4.

Upon information and belief, Defendant may be served this Complaint by service upon its registered agent Jean Anne Booth at 3410 Cherry Lane, Austin, TX 78703.

5.

This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284-285, among others. This Court has subject matter jurisdiction over all causes of action set forth herein pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*

6.

Venue is proper in this judicial district and division pursuant to 28 U.S.C. §§1391(b) and (c) and 1400(b) in that, upon information and belief, Defendant has offices within this district including 3410 Cherry Lane, Austin, TX 78703. Defendant routinely does business within this district, Defendant has committed acts of infringement within this district, and Defendant continues to commit acts of infringement within this district.

7.

Upon information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to Defendant's substantial business in this State and judicial district, including: (i) at least a portion of the infringements alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

## ALLEGATIONS COMMON TO ALL COUNTS

8.

Plaintiff ("BWE") owns all right, title, interest in, and has standing to sue for infringement of United States Patent No. 9,049,558 ("the '558 patent"), entitled "Systems and methods for determining mobile thing motion activity (MTMA) using sensor data of wireless communication device (WCD) and initiating activity-based actions," issued on June 2, 2015; United States Patent No. 8,737,951 ("the '951 patent"), entitled "Interactive personal surveillance and security (IPSS) systems and methods," issued on May 27, 2014; United States Patent No. 8,559,914 ("the '914 patent"), entitled "Interactive personal surveillance and security (IPSS) system," issued on October 15, 2013; and United States Patent No. 8,452,273 ("the '273 patent"), entitled "Systems and methods for determining mobile thing motion activity (MTMA) using accelerometer of wireless communication device," issued on May 28, 2013.  A copy of the '558 Patent, the '951 Patent, the '914 Patent and the '273 Patent are attached as Exhibits 1 – 4 respectively.

9.

BWE is a global leader and innovator in the field of sensor technology for determining human activities for health, safety and other uses. These proprietary technologies and innovations were being developed since 2007 for the increased health, safety and wellbeing of its users. BWE's patented technology was developed for use on a wide variety of devices, including smartphones, wearables and are in use on many popular products in the market today. In addition to licensing, BWE has incorporated its patented technology in its own test platforms for determining human activities, motions within activities, accidents and falls, among others.

10.

BWE's sensor based technologies go beyond determining human locations by uniquely identifying human activities for automatically monitoring and tracking movements, such as sleep, stationary, running, cycling, falling down, rotating and other human movements where capturing data and or providing feedback is desired.

11.

BWE's sensor monitoring, processing and communication technologies are covered by the claims of the '558 Patent, the '273 Patent, the '914 Patent and the '951 Patents that are asserted in this action, as well as other BWE patents.

12.

Defendant is in the business of engineering, designing, supplying, marketing, advertising, and sale of consumer products and monitoring services.

## COUNT I

## DIRECT INFRINGEMENT OF THE '558 PATENT

13.

Plaintiff incorporates by reference the allegations of Paragraphs 1-13.

14.

Defendant has directly infringed and continues to directly infringe at least one or more claims of the '558 Patent, through, among other activities, engineering, designing, supplying, marketing, advertising, and sale of consumer wearable medical alert product and monitoring services.

15.

The Defendant's website and its supporting infrastructure describes a wearable communication device "the Kanega Watch" and 24X7 monitoring services for automatically monitoring users, determining when users are sedentary and when falls occur through the use of accelerometer sensor data.

## About UnaliWear

Focus groups have named our Kanega watch a wearable "OnStar for People" because we provide discreet support for falls, medication reminders, and a guard against wandering in a classically-styled watch featuring an easy-to-use speech interface rather than buttons.

Thanks to our patented battery system in the band, you never have to take your watch off to charge – and unlike Apple watch or Samsung Gear, we don't require a smart phone (because it's built in). We combine cellular, Wi-Fi, GPS, BLE (for hearing aids and telemedicine devices), an accelerometer for automatic fall detection, and continuous speech to provide an active medical alert that works anywhere, along with data-driven artificial intelligence that learns the wearer's lifestyle (think "NEST for people") to provide predictive, pre-emptive support.

5





16.

The Defendant's website and its supporting information describes a wearable communication device "the Kanega Watch" and its ability to understand and effectively use x, y and z axis data from the accelerometer sensor.

17.

The Defendant's wearable communication device "the Kanega Watch" determines reference data that defines a reference framework from the first data and normalizes the second data with the reference data so that the second data can be analyzed in the reference framework.

18.

The Defendant's wearable communication device "the Kanega Watch" identifies a mobile motion activity such as when a user is sedentary, when a user falls and other activities based upon the normalized second data.

## COUNT 2

## DIRECT INFRINGEMENT OF THE '273 PATENT

19.

Plaintiff incorporates by reference the allegations of Paragraphs 1-13.

20.

Defendant has directly infringed and continues to directly infringe at least one or more claims of the '558 Patent, through, among other activities, engineering, designing, supplying, marketing, advertising, and sale of consumer wearable medical alert product and monitoring services.

21.

The Defendant's website and its supporting infrastructure describes a wearable communication device "the Kanega Watch" and 24X7 monitoring services for automatically monitoring users, determining when users are sedentary and when users experience falls through the use of accelerometer sensor data.



22.

The Defendant's website and its supporting information describes a wearable communication device "the Kanega Watch" and its ability to understand and effectively use x, y and z axis data produced by the accelerometer sensor for determining when users are sedentary for periods of time and also when users experience falls. The Kanega Watch uses reference data framework in two dimensions.

23.

The Defendant's wearable communication device "the Kanega Watch" normalizes the changing rotations of the x, y and z axis data so the data can be analyzed in a 2D space.

24.

The Defendant's wearable communication device "the Kanega Watch" identifies a mobile motion activity such as sedentary, fall or other based upon the normalized second data.

## COUNT 3

## DIRECT INFRINGEMENT OF THE '914 PATENT

25.

Plaintiff incorporates by reference the allegations of Paragraphs 1-13.

26.

Defendant has directly infringed and continues to directly infringe at least one or more claims of the '558 Patent, through, among other activities, engineering, designing, supplying, marketing, advertising, and sale of consumer wearable medical alert product and monitoring services.

27.

The Defendant's website and supporting information describes a wearable communication device "the Kanega Watch" and 24X7 monitoring services for automatically monitoring users' activities, determining when users are sedentary and when users experience falls through the use of accelerometer sensor data.



28.

The Defendant's website and its supporting information describes a wearable communication device "the Kanega Watch" and its ability to understand surveillance modes that corresponds to the users' activities.

29.

The Defendant's wearable communication device "the Kanega Watch" will determine when a user may need help by lack of movement and prompt the user for a response and or will

determine when the user may have fallen and prompt the user for a response to disengage the alarm and when the alarm is not disengaged.

30.

The Defendant's wearable communication device "the Kanega Watch" identifies a mobile motion activity such as sedentary and or fall and provides this surveillance information to at least one remotely located 24/7 monitoring computer.

## COUNT 4

## DIRECT INFRINGEMENT OF THE '914 PATENT

31.

Plaintiff incorporates by reference the allegations of Paragraphs 1-13.

32.

Defendant has directly infringed and continues to directly infringe at least one or more claims of the '558 Patent, through, among other activities, engineering, designing, supplying, marketing, advertising, and sale of consumer wearable medical alert product and monitoring services.

33.

The Defendant's website and supporting information describes a wearable communication device "the Kanega Watch" and 24X7 monitoring services for automatically monitoring users' activities, determining when users are sedentary and when users experience falls through the use of accelerometer sensor data.



34.

The Defendant's website and its supporting information describes a wearable communication device "the Kanega Watch" and determining human body activities from sensor data from one or more sensors.

35.

The Defendant's wearable communication device "the Kanega Watch" will determine when a user may need help by lack of movement by monitoring an inactive state for a preset period of time, prompt the user that is within the predetermined state for a response; or it will determine

12

...

when the user has fallen and prompt the user for a response to the fall state to disengage the alarm countdown.

36.

The Defendant's wearable communication device "the Kanega Watch" identifies an activity and after monitoring its activity such as when a user is sedentary and or when a user falls and provides this surveillance information to at least one remotely located 24/7 monitoring computer.

37.

The Defendant has been and is currently committing these acts of infringement without a license or authorization from Plaintiff, and such acts of infringement are likely to continue unless enjoined by the Court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief that the Court enter judgment in their favor and against Defendant, granting the following relief:

A. That the Court enter judgment that one or more claims of the '558 Patent have been infringed either literally and/or under the doctrine of equivalents, by Defendant;

B. That the Court enter judgment that one or more claims of the '951 Patent have been infringed either literally and/or under the doctrine of equivalents, by Defendant;

C. That the Court enter judgment that one or more claims of the '914 Patent have been infringed either literally and/or under the doctrine of equivalents, by Defendant;

D. That the Court enter judgment that one or more claims of the '273 Patent have been infringed either literally and/or under the doctrine of equivalents, by Defendant;

  E. That Defendant be ordered to pay damages adequate to compensate Plaintiff for its acts of infringement, pursuant to 35 U.S.C. § 284;

  F. That Plaintiff be awarded increased damages under 35 U.S.C. § 284 due to Defendant's willful infringement of the '558, '951, '914 and the '273 Patents;

  G. That the Court find that this case is exceptional and awards Plaintiff reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

  H. That Defendant, its officers, agents, employees, and those acting in privity with it, be preliminarily enjoined from further infringement, contributory infringement, and/or inducing infringement of the patent-in-suit, pursuant to 35 U.S.C. § 283;

  I. That Defendant, its officers, agents, employees, and those acting in privity with it, be permanently enjoined from further infringement, contributory infringement, and/or inducing infringement of the patent-in-suit, pursuant to 35 U.S.C. § 283;

  J. That Defendant be ordered to pay prejudgment and post-judgment interest;

  K. That Defendant be ordered to pay all costs associated with this action; and

  L. That Plaintiff be granted such other and additional relief as the Court deems just, equitable, and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a jury trial on all issues justiciable by a jury.

This 30th day of April, 2020				Respectfully Submitted,


							/s/ H. Artoush Ohanian
							H. Artoush Ohanian
							Texas State Bar No. 629789
							artoush@ohanianip.com

							OHANIANIP
							604 West 13th Street
							Austin, Texas 78701
							Telephone: (512) 277-3266
							Facsimile:  (512) 298-2005

							ATTORNEY FOR PLAINTIFF
							BIG WILL ENTERPRISES INC.